UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC R., | |
| Plaintiff, | Case No. C22-5707-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his alleged need for an assistive device and to recline during the daytime, and in discounting the opinion of a treating nurse practitioner. (Dkt. # 8 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1971 and has a master's degree in business administration. AR at 1794-95. At the time of the most recent administrative hearing, Plaintiff was working full-time as an excise tax examiner. *Id.* at 1798.

ORDER - 1

In September 2016, Plaintiff applied for benefits, alleging that his disability began on June 6, 2013, and he subsequently requested a closed period of disability that ended on March 15, 2020. AR at 252-62, 2039-40. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 145-48, 153-68. After ALJs conducted hearings in April 2018 and January 2019, an ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-34.

The Appeals Council denied Plaintiff's request for review (AR at 1-6), and the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id*. at 1855-71. On remand, the ALJ held a hearing in May 2022 (*id*. at 1789-1823), and subsequently issued a decision finding Plaintiff not disabled between September 18, 2015, and March 15, 2020.[1] *Id*. at 1761-79.

As the Appeals Council declined to assume jurisdiction of the case, the ALJ's decision is the Commissioner's final decision, which Plaintiff appealed to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

---

[1] Although Plaintiff alleged his disability began on June 6, 2013, prior administratively final decisions found Plaintiff not disabled through September 17, 2015. *See* AR at 1761. Thus, the adjudicated period addressed by the ALJ runs from September 18, 2015, through March 15, 2020. *Id*.

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

#### A.  The ALJ Erred in Discounting Some of Plaintiff's Subjective Allegations

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) Plaintiff made inconsistent statements about his use of an assistive device, (2) Plaintiff's allegations are inconsistent with his activities, (3) Plaintiff's examination findings contradict his allegations, and (4) Plaintiff made inconsistent statements about his alcohol and marijuana use. AR at 1769-73.

Plaintiff challenges certain lines of the ALJ's reasoning, which the Court will address in turn.

##### 1.  *Plaintiff's Alleged Need to Recline*

Plaintiff alleged that he could not stand or sit for more than a few minutes, and spent most or all of his daytime hours reclining in bed. *See, e.g.*, AR at 56-60, 332-33, 1809-11. The ALJ found this allegation to be inconsistent with the record, which shows that Plaintiff participated in online education, earning his bachelor's degree and master's degree during the

adjudicated period. *Id*. at 1772. The ALJ also noted that Plaintiff reported an ability to mow his lawn in 2014 and go fishing in 2018, and could shop for groceries and carry bags of groceries, as well as sell his possessions on eBay and Craigslist. *Id*. at 1772-73. For these reasons, the ALJ discounted Plaintiff's alleged need to recline during the day. *Id*.

Plaintiff contends that the ALJ failed to provide a clear and convincing reason to discount his alleged need to recline. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (explaining that absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony). Inconsistency between a claimant's allegations and activities can constitute a legally sufficient reason to discount a claimant's allegations. *See, e.g.*, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Here, Plaintiff argues, the ALJ failed to identify activities that are inconsistent with his allegations.

Plaintiff's ability to participate in online schooling and sell his possessions online is not inconsistent with his alleged need to recline during the day. Plaintiff testified that he engaged in these activities in bed using a laptop, and the ALJ pointed to no evidence contradicting that testimony. *See* AR at 43-44, 46-47, 52-60, 1794-98. Likewise, the record does not indicate that other activities cited by the ALJ were performed in a manner inconsistent with Plaintiff's allegations. The ALJ noted that the record mentions that Plaintiff mowed his lawn, went fishing without an increase in pain, and carried groceries. *See id*. at 1772-73 (citing *id*. at 509, 1162, 1645). But one reference to each of these activities in a record spanning nearly 2,500 pages is not sufficient; there is no evidence in the record that Plaintiff regularly mowed the lawn, went fishing, or shopped for and carried bags of groceries during the adjudicated period. Accordingly,

ORDER - 4

the ALJ erred in finding that Plaintiff's activities were inconsistent with his alleged need to recline during the day, and in discounting his allegations on that basis.

This error is harmless, however, because the ALJ also cited medical evidence that is meaningfully inconsistent with Plaintiff's alleged need to recline, specifically the findings from the May 2018 consultative examination where Plaintiff was observed to have normal gait, the ability to toe and heel walk, full strength in all extremities, and negative straight leg raise testing. AR at 1773. The consultative examiner opined that based on these findings, Plaintiff was able to sit, walk, and stand for one hour at a time, each for four hours per workday. *See id*. at 1494-1505. This medical opinion thereby contradicts Plaintiff's allegations, and that contradiction constitutes a clear and convincing reason to discount Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Although Plaintiff contends that the ALJ cherry-picked these findings "to support his pre-conceived conclusions" (dkt. # 10 at 5), this argument is undercut by the testimony of the medical expert ("ME"), who reviewed the entire record and cited objective medical findings to support his testimony that Plaintiff could perform light work, while acknowledging Plaintiff's preference for reclining. *See* AR at 73-86 (ME's testimony), 1775-76 (ALJ's discussion of ME testimony).

Because the ALJ cited evidence that contradicts Plaintiff's alleged need to recline for much or all of each day, the ALJ did not err in discounting that allegation.

    2.  *Plaintiff's Need For an Assistive Device*

The ALJ found that the record did not corroborate Plaintiff's alleged need for an assistive device until he was prescribed a walker in March 2019, and that any allegation that he used or required a cane before that time was corroborated only by Plaintiff's self-report (which was

ORDER - 5

internally inconsistent) and was contradicted by his normal balance testing, negative straight leg raise testing, and full strength testing in his legs. AR at 1771-72. The ALJ found that, during the entire adjudicated period, Plaintiff did "not need an assistive device to walk." *Id*. at 1772.

Plaintiff contends that the ALJ erred in finding that his need for an assistive device was not corroborated by the record, because the record contains many findings pertaining to Plaintiff's decreased lower extremity strength, sensory loss, and need for a cane. (Dkt. # 8 at 13.) Plaintiff also points to physical therapy notes from 2019 indicating that Plaintiff could only walk in five-minute intervals without an assistive device and needed a four-wheeled walker for longer periods of walking. (*Id*.) Moreover, Plaintiff's primary care physician prescribed an assistive device in March 2019, and Plaintiff argues that this prescription suggests that an assistive device was medically necessary at that time. (Dkt. # 10 at 6.)

There is substantial evidence to support the ALJ's finding that, up until 2019, the record is inconsistent with Plaintiff's alleged need for an assistive device. *See* AR at 1771. The ALJ cited records showing that Plaintiff was not observed using a cane and did not report using a cane for much of the adjudicated period, and that a 2018 consultative examiner opined that Plaintiff did not require an assistive device. *Id*. This evidence contradicts Plaintiff's alleged need for an assistive device prior to 2019 and supports the ALJ's rejection of Plaintiff's allegation to this extent. *See Carmickle*, 533 F.3d at 1165.

But the ALJ also acknowledged that Plaintiff was observed to use a cane in February 2019 and was prescribed a walker the following month. AR at 1771-72. The ALJ went on to cite evidence showing that Plaintiff regularly used the walker in the next few months. *Id*. at 1772. Thus, although the ALJ therefore appropriately concluded that "there is nothing to support [Plaintiff's] alleged need for [an assistive device] through even early 2019," the ALJ erred in

ORDER - 6

failing to explain why the subsequent evidence (notably the prescription for a walker in March 2019 (*id*. at 2401-05)) would not establish a need for an assistive device in 2019 and through the end of the adjudicated period. *Id*. at 1772.

Accordingly, the Court concludes that the ALJ erred in failing to explain why he found a lack of corroboration for Plaintiff's need for an assistive device beginning in 2019, particularly because the ALJ cited evidence that could support such a need and the ALJ failed to explain why that evidence was not credited, other than citing evidence from 2018 and earlier. On remand, the ALJ should reconsider the evidence related to Plaintiff's use of and need for an assistive device in 2019 and through the end of the adjudicated period, and if necessary, revisit the step-three findings and/or the residual functional capacity ("RFC") assessment in light of those findings.

Because the ALJ did not provide any assessment of the evidence from 2019 and later regarding Plaintiff's need for an assistive device, further proceedings would serve the useful purpose of allowing the ALJ to make findings in the first instance as to the extent and duration (if any) of Plaintiff's need for an assistive device in 2019 and until he started working full-time in March 2020. Plaintiff points to evidence dating from March 2019 through August 2019 establishing his need for walker (dkt. # 10 at 6 (citing AR at 2097, 2119-21, 2404-05, 2408, 2411, 2415, 2388-90, 2393, 2397)), but testified at his 2022 hearing that he no longer uses a walker when ambulating. *See* AR at 1810-11. Without findings as to the length of time that Plaintiff used or required a walker, it not clear whether Plaintiff meets a listing or would be found disabled at step five. The vocational expert was not asked about the impact of an assistive device on Plaintiff's ability to work. *See id*. at 1812-23.

For these reasons, although Plaintiff requests (dkt. # 10 at 8-9) a remand for a finding of disability, such an extraordinary remedy is not warranted here due to the uncertainties in the

ORDER - 7

record and because further proceedings would serve a useful purpose. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (explaining that if the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings).

### B. The ALJ Did Not Err in Discounting a Medical Opinion

Plaintiff's treating nurse Julie Calderon, ARNP, completed a form opinion during Plaintiff's first treatment visit in September 2015 (AR at 412-15), indicating that Plaintiff was limited to performing sedentary work with no lifting above 10 pounds, no prolonged sitting, and no frequent twisting/bending. *Id*. at 403-05. Ms. Calderon opined that these limitations were not permanent, and she recommended that Plaintiff consider spinal injections and engage in physical therapy. *Id.*

The ALJ gave little weight to Ms. Calderon's opinion, finding that it was based on Plaintiff's inaccurate self-reporting and was inconsistent with contemporaneous evidence. *Id.* at 1774-75. Under regulations applicable to this case, Ms. Calderon is not an acceptable medical source, and an ALJ must provide germane reasons to discount an opinion provided by such a source. *See Molina*, 674 F.3d at 1111; Social Security Ruling 06-03p, 2006 WL 2329939 (Aug. 9, 2006).

Plaintiff told Ms. Calderon that he had surgery three years prior and had not been able to work since that time, but in fact he had worked multiple jobs since his most recent back surgery. *See* AR at 412-15, 1774-75. Plaintiff contends that the inaccuracies in his reporting to Ms. Calderon were not material (dkt. # 8 at 15), but offers no persuasive argument on this point. Plaintiff acknowledges that he inaccurately described his work history as well as his surgical history (*id.*); it is reasonable for the ALJ to find that these misstatements would have undermined Ms. Calderon's ability to accurately assess Plaintiff's functional abilities. Plaintiff's inaccurate

ORDER - 8

self-report was therefore a germane reason to discount Ms. Calderon's opinion and the Court finds no reason to disturb the ALJ's assessment of that evidence. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reassess Plaintiff's need for an assistive device beginning in 2019 and, if necessary, revisit the step-three findings and RFC assessment, and any other parts of the decision as needed.

Dated this 2nd day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge